FILED
SUPERIOR COURT
OF GUAM

2022 MAY 10 AM 11: 50

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| SUN AND LEE CONSTRUCTION CO. LLC., <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT ALVAREZ, <br><br> Defendant. | CIVIL CASE NO. CV0643-21 <br><br> **DECISION AND ORDER** <br> Plaintiff's Motion to Dismiss Defendant's Counterclaim |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 22, 2022, for a hearing on Plaintiff Sun & Lee's ("Sun & Lee") Motion to Dismiss Defendant's Counterclaim. Present at the hearing were: Attorney Susan Hinkle for Sun & Lee, and Attorney Joshua Walsh for Defendant Robert Alvarez ("Alvarez"). Having considered the arguments and the applicable law, the Court hereby **DENIES** Sun & Lee's Motion to Dismiss Defendant's Counterclaim.

## BACKGROUND

The instant case arises from Sun & Lee's Verified Complaint filed on August 24, 2021. The Verified Complaint alleged that on or about October 2020, the parties attempted to negotiate a land exchange agreement involving land owned by Alvarez's relative located in Talofofo. However, negotiations were not fruitful as it did not result in an agreement and no money was exchanged. The Verified Complaint further alleges that on or about April of 2021, Alvarez moved into 201-C Atanacio St. Mangilao, Guam ("Mangilao home") without the authorization of the owners, Sun & Lee. The Verified Complaint seeks (1) Preliminary and Permanent Injunction Restraining Continuing Trespass, and (2) Damages Incident to Trespass.

On September 14, 2021, Alvarez filed his Answer and Counterclaim. The Counterclaim alleged that on or about September 2020, Sun & Lee agreed to engage in consulting services to assit in the construction of the Mangilao Development. In consideration of Alvarez's work, Sun & Lee agreed to allow Alvarez and his family to take possession of the Mangilao home beginning in May 2021. The Counterclaim further alleges that on or about November 2020, the parties entered another oral agreement in which Alvarez agreed to perform consulting services for Sun & Lee, and in turn, Sun & Lee would (1) convey title to the Mangilao home to Alvarez, and (2) construct and convey three (3) homes built on the Talofofo Development to Alvarez's designee. Finally, the Counterclaim alleges that Sun & Lee refused to perform its promises. As such the Counterclaim alleges the following: Count I: Breach of Contract – Mangilao Development, Count II: Breach of Contract – Talofofo Development, Count III: Fraud, and Count IV: Unjust Enrichment.

Sun & Lee filed their Motion to Dismiss Alvarez's Counterclaim on October 4, 2021, where they argued that (1) Count I and II should be dismissed as they are barred by the statute

of frauds; (2) Count III should be dismissed for failure to plead fraud with particularity; and (3) Count IV should be dismissed for inconsistent and incompatible pleading. A little less than a month later, on November 1, 2021, Alvarez filed his Opposition. Then on November 15, 2021, Sun & Lee filed their Reply.

A hearing on Sun & Lee's Motion was held on February 22, 2022, and the Court took the matter under advisement.

## DISCUSSION

### I. GUAM RULE OF CIVIL PROCEDURE RULE 12(B)(6) STANDARD

The Guam Rules of Civil Procedure provide that a party may move for dismissal for failure to state a claim for which relief can be granted. Guam R. Civ. P. 12(b)(6). In deciding such a motion, the court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 9. "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.* "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

### a. The Statute of Frauds Is An Affirmative Defense.

Since the Guam Rules of Civil Procedure are virtually identical to and are sourced from the Federal Rules of Civil Procedure, the Court finds the district court's interpretation of the Federal Rule of Civil Procedure Rule 12 (b) highly persuasive. Affirmative defenses, such as the statute of frauds, may be raised in a Rule 12(b)(6) motion to dismiss, but for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear on the face of the plaintiff's pleadings. *Williams v. Rigg*, No. 3:19-CV-00432, 2021 WL

4129592 *4 (S.D.W. Va. 2021). "A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it typically does not resolve the contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.*; quoting *Long v. NationStar Mortg. LLC.*, No. 2:15-CV-01202 *3 (S.D.W. Va. 2016). Therefore, "a motion to dismiss filed under the Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense." *Williams*, at *4; quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

Therefore, the question becomes whether Sun & Lee can demonstrate that the facts establishing their statute of frauds defense are clear on the face of Alvarez's pleadings such that it warrants dismissal. Here, Alvarez alleges breach of contract as it relates to the Mangilao Development in Count I, and breach of contract as it relates to the Talofofo Development in Count II. The Court addresses each count in turn and in light most favorable to Alvarez.

### i.  COUNT I: BREACH OF CONTRACT – Mangilao Development

Sun & Lee argue that Count I: Breach of Contract as it relates to the Mangilao Development should be dismissed because the oral agreement allowing Alvarez to take possession of the Mangilao home involves an interest in land and fails to satisfy the statute of frauds. Pls.' Mot. to Dismiss p. 5 (Oct. 4, 2021). Alvarez, on the other hand, argues that the oral agreement between the parties concerns *compensation* for Alvarez's services. Def.'s Opp'n. p.3 (Nov. 1 2021). Proper dismissal of Count I requires that the facts establishing the statute of frauds as a defense be clear on its face. That is not the case here. It is alleged that on or about September 2020, Alvarez agreed to provide consulting services to assist Sun & Lee in finalizing the construction and permitting of the 11 homes in Mangilao, also known as the Mangilao Development. Def.'s Reply p. 3 (Nov. 1, 2021); *see* Countercl. pp. 4 - 5 (Sept. 14, 2021). In turn, Alvarez was permitted to take possession of the Mangilao home as

*"consideration* for Mr. Alvarez's work." Countercl. p. 5 (Sept. 14, 2021)(emphasis added). Whether the permission to possess the Mangilao home takes the form of an interest in land thereby subject to the statute of frauds, or whether such permission takes the form of compensation for Alvarez's consulting services is unclear. In other words, the facts in which Sun & Lee's statute of frauds defense may be established are unclear on its face. In viewing the pleadings in light most favorable to Alvarez, the allegations in the counterclaim may be sufficient for Sun & Lee to assert the statute of frauds as an affirmative defense; however, it is not enough to warrant a dismissal of Count I. Sun & Lee's Motion to Dismiss Count I is **DENIED.**

### ii. COUNT II: BREACH OF CONTRACT – Talofofo Development

The Court now turns its attention to the Talofofo Development. Sun & Lee argue that Count II: Breach of Contract as it relates to the Talofofo Development should be dismissed because it involves an oral agreement transferring an interest in property, which is barred by the statute of frauds. Alternatively, Sun & Lee argue that Count II should be dismissed because the development of the 24 Talofofo subdivided lots is not capable of being performed within one year; therefore it is barred by the statute of frauds. Pls.' Mot. to Dismiss pp. 6 - 7 (Oct. 4, 2021). Alvarez argues that the oral agreement for the Talofofo Development was to provide compensation in the form of real property, not for the sale of real property, and that the oral agreement for the Talofofo Development can be performed within one year. Def.'s Opp'n. pp. 4, 7 (Nov. 1, 2021).

Here, it alleged that on or about November 2020, Alvarez agreed to provide consulting services to Sun & Lee. Countercl. p. 7, *see* Def.'s Reply p. 4 (Nov. 1, 2021). As compensation, Sun & Lee agreed to convey title to the Mangilao home to Alvarez, in addition constructing and conveying three of the homes built on the Talofofo Development to Alvarez's designee.

Def.'s Reply p. 4 (Nov. 1, 2021). Like the agreement for the Mangilao Development, it appears that the agreement for the Talofofo Development was allegedly provided in the form of compensation for Alvarez's services. Therefore, the Court yields to the same conclusion as that above. The allegations in the counterclaim are sufficient for Sun & Lee to assert the statute of frauds as an affirmative defense, but not sufficient to warrant dismissal as the facts establishing such defense is unclear on its face. *see Williams,* at *4. Further, Sun & Lee merely speculate that the Talofofo Development cannot be completed within a year, as they provide no evidence to support this argument. Therefore, in viewing the pleadings in light most favorable to Alvarez, the Court finds that while Sun & Lee may assert the statute of frauds as an affirmative defense, it is insufficient to warrant dismissal of Count II. Sun & Lee's Motion to Dismiss Count II is **DENIED.**

## II.  COUNT III: FRAUD

The elements of fraud include: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Taitano,* 2008 Guam 12 ¶ 12.

Rule 9(b) provides, in relevant part, that "the circumstances constituting fraud or mistake shall be stated with particularity and that malic, intent, knowledge, and other conditions of state of mind of a person may be averred generally." *Ukau v. Wang,* 2016 Guam 26 ¶ 35; Guam R. Civ. P. 9(b). The standard is also known as the "who, what, when, where and how" requirement. *Id.* ¶ 47. "While statements of time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Taitano,* 2008 Guam 12 ¶ 15. Similarly, allegations based entirely on information and beliefs do not usually satisfy the particularity requirement of Rule 9 (b). *Id.*

Although plaintiffs may fairly be expected to identify with specificity the defendant's alleged misrepresentations they are not expected to plead with specificity the defendant's state of mind. *Taitano,* 2008 Guam 12 ¶ 17. A plaintiff can satisfy the "who" requirement by identifying the role of the defendant in the alleged fraudulent scheme. *Id.* ¶ 26. In cases where the exact timing of specific events is critical for determining fraud, lack of precision in alleging dates can be fatal to a pleading. *Id.* ¶ 28.

"Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading stage." *Ukau,* 2016 Guam 26 ¶ 47. What is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants of the particular fraudulent action being alleged. *Id.*

### a. Misrepresentation

Here, it is alleged that (1) the promised conveyance of three (3) homes to be constructed on the Talofofo Development; and (2) the promised amount of payment to Alvarez for the continued readying of the Mangilao Development, were false. Countercl. p. 8 (Sept. 14, 2021). It is further alleged that the false statements were made by Sun & Lee and its agents. The allegations sufficiently plead the element of misrepresentation with particularity as it relates to "who" and "what." Further, the nature of the alleged misrepresentations took the form of a promise, which sufficiently pleads the particularity of "how" the misrepresentation was made. Finally, the purported exchange of promises took place on or about September to December 2020, which sufficiently pleads the particularity of "when" the alleged misrepresentation was made.

### b. Knowledge of Falsity and Intent to Induce Reliance

The element of knowledge and intent may be averred generally. Here, the alleged false statements were "known" to be false when Sun & Lee, and its agents, made them. Countercl. p. 9 (Sept. 14, 2021). It is further alleged that the false statements were made with the intent to

induce Alvarez to forgo the opportunity from making inquiries with respect to the Mangilao property. *Id.* At this stage of the pleadings, Alvarez is not expected to plead Sun & Lee's state of mind with specificity. *See Taitano,* 2008 Guam 12 ¶ 17. As such, the Court is satisfied that these allegations sufficiently plead the elements of knowledge of falsity and intent to induce reliance.

### c. Justifiable Reliance

Here, it is alleged that Alvarez justifiably relied on the alleged false statements as Sun & Lee held themselves out as an "experienced and properly organized corporation functioning legally under Guam law." Countercl. p. 9 (Sept. 14, 2021). The Court finds that it is reasonable for Alvarez to have justifiably relied on Sun & Lee's alleged false statements on these grounds. Therefore, the allegation is sufficiently pleads the element of justifiable reliance.

In viewing the pleadings in light most favorable to Alvarez, the Court is satisfied that Alvarez sufficiently pleads the elements of fraud with particularity. Sun & Lee's Motion to Dismiss Count III is **DENIED.**

## III. COUNT IV: UNJUST ENRICHMENT

Sun & Lee argue that Alvarez's claim for unjust enrichment is inconsistent and incompatible with the related claim for breach of contract. The Court is not persuaded by this argument.

Alternative pleading is governed by the Guam Rules of Civil Procedure Rule 8, which states in relevant part:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. *A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or equitable grounds.*

Guam R. Civ. P. Rule 8(e)(emphasis added). Rule 8(e)(2) is sourced from the Federal Rules of Civil Procedure 8(d)(2), which "allows a plaintiff to plead alternative theories of a claim." *Lathon v. Wal-Mart Stores East, LP.*, 2009 WL 1172864 *2 (E.D. Va. 2009); *see* also *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 534, 597 (7th Cir. 2012); citing Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading in any one of them is sufficient."). "The discovery process will allow the parties to discern which, if any, of the theories put forth by Plaintiff in [its] Complaint apply to the facts of [the] case." *Lathon*, 2009 WL 1172864 *2.

Here, Alvarez pleads Breach of Contract in Count I and II, and Unjust Enrichment in Count IV. The inconsistency of these claims does not deem them insufficient. The Court rejects Sun & Lee's argument to dismiss Count IV on the grounds that it is incompatible with Count I. Sun & Lee's Motion to Dismiss Count IV is **DENIED.**

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Sun & Lee's Motion to Dismiss Defendant's Counterclaim.

**IT IS SO ORDERED** MAY 1 0 2022 _____.

<br>

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_M. Hemlani_
_Razzano_
Date: _____ Time: 5/10/22
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam